UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

KENNETH HERSHEY,

                    Petitioner,                    Case No. 1:07-cv-906

v.                                          Honorable Gordon J. Quist

JASON T. CARLSON et al.,

                    Respondents.

_____/

## **ORDER**

Petitioner filed this action on or about September 13, 2007.  He filed the action on the Court's form for a prisoner civil rights action brought pursuant to 28 U.S.C. § 1983, but typed the words "HABEAS CORPUS ACTION" below his name in the caption.  Because the pleading was submitted on a civil rights form, the Clerk of the Court opened his case as a civil rights action.  In an order issued on September 20, 2007, the Court granted Petitioner leave to proceed *in forma pauperis*.  In accordance with the Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 28 U.S.C. § 1915(b)(1)-(2), Petitioner was required to pay the $350.00 civil action filing fee in monthly installments until the fee is paid in full.

In a motion dated September 17, 2007 (docket #4), Petitioner moved to withdraw his complaint because he had not completed the grievance process.  The following day, Petitioner wrote a letter to the Clerk of the Court (docket #5) stating that he had just learned that exhaustion was not required for filing a habeas corpus action.  Petitioner's letter further asks the Clerk to "help me with this and let me know if I must or not.  If I don't have too [sic] please file the habeas corpus."  In

another letter dated September 23, 2007 (docket #6), Petitioner explains that he intended to file a habeas corpus action, and, thus, should have been assessed the $5.00 fee for a habeas corpus action, not the $350.00 fee for a civil rights action.  He asks to withdraw his pleading unless it is construed as a habeas corpus action and the filing fee assessment is corrected.

The Court may not provide legal advice to litigants.  However, because it is clear that Petitioner intended to file a habeas corpus action, the Court will direct the Clerk of the Court to change the cause and nature of suit in this case to a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254.

The filing fee for habeas corpus action is $5.00.  Because Petitioner was improperly assessed the $350.00 civil action filing fee, the Court will vacate its previous order granting Petitioner leave to proceed *in forma pauperis* (docket #3).  According to a certified copy of Petitioner's prison trust account statement, he does not have sufficient funds to pay the $5.00 filing fee.  Petitioner, therefore, may commence his habeas action without prepayment of fees, costs, or security therefor.  Any pleadings herein served by the United States Marshal shall be at the expense of the United States government.  Petitioner shall serve upon the respondent or, if an appearance has been entered by an attorney, upon the attorney, a copy of every further pleading or other document submitted for consideration by the Court.  Petitioner shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date a true and correct copy of any document was mailed to the respondent or the attorney.  Any paper received by a district judge or magistrate judge which has not been filed with the clerk or which fails to include a certificate of service will be disregarded by the Court.

Petitioner is required to file his habeas petition on the form provided by this Court. *See* Rule 2(d), RULES GOVERNING § 2254 CASES; W.D. Mich. LCivR 5.6(a).  Petitioner failed to file his petition on the requisite form for a habeas corpus action.  If Petitioner wishes to proceed with his action, he must carefully fill out the form and submit it to the Court.  To assist Petitioner, the Court hereby directs the Clerk of the Court to send to Petitioner a copy of the form for a petition filed pursuant to 28 U.S.C. § 2254 for writ of habeas corpus by a person in state custody.  Petitioner shall submit an amended petition by filing his habeas petition on the requisite form within thirty days from the date of entry of this order.  Petitioner's case number must appear on the front page of the amended petition.  If Petitioner fails to submit an amended petition in proper form within the time allowed, the petition may be dismissed without prejudice by the district judge.

Because the Court is correcting the cause and nature of suit and the filing fee assessment, the Court will deny Petitioner's motion to withdraw at this time.  If Petitioner still wishes to withdraw his petition after reviewing this order, he may filed a renewed motion to withdraw his petition.  Therefore:

IT IS ORDERED that Petitioner's motion to withdraw his petition (docket #4) is DENIED and that his motion to correct the nature of suit and filing fee assessment (docket #6) is GRANTED.

IT IS FURTHER ORDERED that the Clerk of the Court is directed to change the cause and nature of suit for this case to a habeas corpus petition brought by a state prisoner pursuant to 28 U.S.C. § 2254.

IT IS FURTHER ORDERED that the Court's order granting Petitioner leave to proceed *in forma pauperis* (docket #3) is VACATED.  Petitioner does not remain liable for payment

- 3 -

of the $350.00 civil action filing fee.  Petitioner may proceed *in forma pauperis* in this habeas corpus action.

IT IS FURTHER ORDERED that, within thirty days, Petitioner must file an amended habeas corpus petition on the form provided by the Court.  The Clerk of the Court is directed to send to Petitioner a copy of the form for a petition filed pursuant to 28 U.S.C. § 2254 for writ of habeas corpus by a person in state custody.  Failure to submit an amended petition in proper form within the time allowed may result in dismissal of this action without prejudice.


Dated:  __October 11, 2007_____         _____/s/ Gordon J. Quist_____
                                                                            Gordon J. Quist
                                                                            United States District Judge

- 4 -