UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH HERSHEY,

        Petitioner,                        Case No. 1:07-cv-906

v.                                             Honorable Gordon J. Quist

JASON CARLSON et al.,

        Respondent.
_____/

## OPINION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that Petitioner has failed to exhaust his available state-court remedies as to all claims raised in the petition. As a result, the Court will dismiss the petition without prejudice for lack of exhaustion.

**Discussion**

I.  Factual allegations

Petitioner Kenneth Hershey presently is incarcerated with the Michigan Department of Corrections (MDOC) and housed at the Muskegon Correctional Facility.  He presently is serving a term of 2½ to 20 years, imposed by the Muskegon County Circuit Court on April 11, 1997, after he pleaded guilty as a second felony offender to one count of breaking and entering a building with intent to commit a felony, MICH. COMP. LAWS § 750.110.  Petitioner, however, does not challenge his conviction or the imposition of his sentence.  Instead, he challenges the extension of his parole in violation of his rights and in contravention of Michigan law and MDOC procedure.

On February 15, 2003, Petitioner was released from prison to a two-year term of parole that was scheduled to expire on February 15, 2005.  Petitioner alleges that a few days before the expiration of his parole, his parole officer, Defendant Jason Carlson, indicated that he had failed to pay the $60 crime victim fee ordered by the sentencing judge.  Petitioner advised Carlson that he had, in fact, paid the fee in 1997 and that the court account reflected a $0 balance.  Carlson purportedly informed Petitioner that he would check the records.  Carlson then petitioned for an extension of parole on February 15, 2005, on the grounds that the crime victim fee had not been paid. On February 23, 2005, the parole board extended Petitioner's parole for an additional two years, until February 15, 2007.  On May 18, 2005, three months after his parole had been extended, Petitioner's parole was revoked as a result of conduct that occurred on May 11, 2005.

Petitioner alleges that the timing and procedure by which Carlson sought extension of his parole and the order extending parole were in violation of Michigan law and procedure. Petitioner also alleges that he was given no notice of either the request to extend parole or the order extending parole, in violation of both state procedures and his due process rights.

Petitioner's application does not indicate whether he sought administrative review of his parole revocation under Michigan's Administrative Procedures Act, MICH. COMP. LAWS § 24.201 *et seq.* However, on November 30, 2006, he filed a complaint for writ of mandamus in the Michigan Court of Appeals. In a one-sentence order issued March 28, 2007, the court of appeals denied the complaint. Petitioner sought leave to appeal to the Michigan Supreme Court on June 12, 2007. The supreme court rejected the application as untimely.

Petitioner then filed a complaint for habeas corpus in the Muskegon County Circuit Court. On August 6, 2007, the court denied habeas relief, concluding that the accounting statement from the circuit court did not demonstrate that Petitioner had paid the crime victim fee. Petitioner filed the instant petition on or about September 11, 2007.[1]

II.     Failure to exhaust available state-court remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971), *cited in Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993); *Hafley v. Sowders*, 902 F.2d

---

[1] Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall,* 295 F.3d 517, 521 (6th Cir. 2002); *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). Petitioner dated his application on September 11, 2007, and it was received by the Court on September 13, 2007. Thus, it must have been handed to prison officials for mailing at some time between September 11 and September 13. For purposes of this opinion, the Court has given Petitioner the benefit of the earliest possible filing date.

480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. The district court can and must raise the exhaustion issue *sua sponte*, when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39.

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). In his application and attachments, Petitioner indicates that he sought a writ of mandamus in the Michigan Court of Appeals. Petitioner, however, did not timely file an appeal to the Michigan Supreme Court, which therefore has had no opportunity to review the issue. Petitioner thereafter filed a complaint for habeas corpus in the Muskegon County Circuit Court, which was denied on August 3, 2007. Petitioner has not yet attempted to seek habeas relief in either the Michigan Court of Appeals or the Michigan Supreme Court.

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner has at least one available procedure by which to raise the unexhausted issues he has presented in this application. While an order denying a complaint for habeas corpus is not appealable, *see Triplett v. Deputy Warden*, 371 N.W.2d 862, 866 (Mich. Ct. App. 1985), Michigan law permits the filing of a complaint for habeas corpus directly in both the Michigan Court of Appeals and the Michigan Supreme Court. *See* MICH. COMP. LAWS § 600.4304; *see also* Mich. Ct. R. 7.203(C)(3), 7.301(A)(7); *Triplett*, 371 N.W.2d at 866. Therefore, the Court concludes that Petitioner has at least one available state remedy.

**Conclusion**

In light of the foregoing, the Court will dismiss Petitioner's application pursuant to Rule 4 because he has failed to exhaust his state-court remedies.

**Certificate of Appealability**

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Commi'r of Corr. of the State of N.Y.*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme

Court in *Slack v. McDaniel*, 529 U.S. 473 (2000).  *Murphy*, 263 F.3d at 467.  Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

This Court denied Petitioner's application on the procedural ground of lack of exhaustion.  Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Both showings must be made to warrant the grant of a certificate.  *Id.*  The Court finds that reasonable jurists could not debate that this Court correctly dismissed the petition on the procedural grounds of lack of exhaustion. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."  *Id.*  Therefore, the Court denies Petitioner a certificate of appealability.

A Judgment consistent with this Opinion will be entered.


Dated:   January 2, 2008              /s/ Gordon J. Quist
                                      Gordon J. Quist
                                      Senior United States District Judge